**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RICHARD J. SHUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-569-GKF-FHM |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the court upon the Motion for Summary Judgment (Dkt. #17) of the defendant Wal-Mart Stores, Inc. ("Wal-Mart").

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adler v. Wal-Mart Stores, Inc*., 144 F3d 664, 670 (10th Cir. 1998). A court must examine the factual record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

When the moving party has carried its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted).  "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.  An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670.  In essence, the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Plaintiff Richard Shust ("Shust") claims he was injured in a slip-and-fall accident due to the negligence of defendant Wal-Mart.  None of the material facts in the briefs are disputed.  (Dkt. #17, p.2; Dkt. #22, p.2).  Shust slipped and fell in the Wal-Mart located at 111th and Memorial in Bixby, Oklahoma.  At the time of the fall, there was snow and slush outside which had begun to melt.  Shust walked through water outside before walking into the store.  Shust fell immediately upon entering the store.  Shust believed the wet floor caused his fall.  Shust was able to see water on the floor after he fell.  Wal-Mart concedes that it knew of the danger to customers from the wet entryway, but argues that it owed no duty to Shust because the danger from the water was open and obvious.

Under Oklahoma law, Shust must establish all three elements of negligence: "1) a duty owed by the defendant to the plaintiff to use ordinary care; 2) a breach of that duty; and 3) an injury proximately caused by the defendant's breach of duty." *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891, 893 (Okla. 1996).  The Oklahoma Supreme Court has defined the scope of the duty a business invitor such as Wal-Mart owes to an invitee such as Shust: "[a] business invitor has a duty to exercise reasonable care to prevent injury to an invitee, but the invitor owes no duty to protect against hazards that are open and obvious.  Likewise, the invitor is not a guarantor of the

safety of its invitees. If the hazard causing the fall was known or should have been observed by the invitee, the invitor has no duty to alter its premises or to warn." *Dover v. W.H. Braum, Inc.*, 111 P.3d 243, 245 (Okla. 2005) (citations omitted).

Under similar facts involving a plaintiff who walked through rainwater before entering a store, the Oklahoma Court of Civil Appeals held: "it is clear that [plaintiff] knew or should have known that the floor was potentially wet or could become slippery from her wet shoes. These are hazards universally known by persons coming into a store from a parking lot wet with rain. Thus, [the store] had no duty to modify its premises [by placing carpeted mats] or post warning signs . . ." *Hatcher v. Super C Mart*, 24 P.3d 377, 380 (Okla. Civ. App. 2001).[1]  In *Buck v. Del City Apartments, Inc.*, 431 P.2d 360, 365 (Okla. 1967), the Oklahoma Supreme Court held:

> "The duty to keep premises in a reasonably safe condition for the use of the invited public applies solely to defects or conditions which may be characterized as in the nature of hidden dangers, traps, snares, pitfalls, and the like—things which are not readily observable. The law does not require the owner or occupant of land to warrant that the invitee shall suffer no injury upon the premises; his duty is discharged when reasonable care is taken to prevent the invitee's exposure to dangers which are more or less hidden, and not obvious. In the absence of a duty neglected or violated, there can be no actionable negligence.
>
> It is clear from the evidence that the [invitee] knew or should have known of the general weather conditions. The dangers from them are universally known and were equally as apparent to her as they were to the [invitors]."

(citations omitted).

Having walked through ice and slush in the parking lot, Shust knew or should have known that the entryway of the Wal-Mart was potentially wet and slippery, or could become so from the water and slush on his own shoes.  Shust was asked, "[d]o you believe if you would have looked down prior to your fall, if you would have seen the water on the floor?"  He

---

[1] In Oklahoma, decisions of the Court of Civil Appeals are not precedential unless released for publication by the Oklahoma Supreme Court.  *Hatcher* was released for publication only by the Court of Civil Appeals and thus has persuasive effect only.

responded: "[o]h, I would imagine if I looked at the water I would have to see it." (Dkt. #17-1, p.7, lines 21-25).  Shust's statement acknowledges the open and obvious nature of the hazard. An invitor like Wal-Mart is not liable "to an invitee for an injury resulting from a danger which was obvious and should have been observed in the exercise of ordinary care [by the plaintiff]." *Buck*, 431 P.2d at 365.

As in *Hatcher* and *Buck*, the dangerous condition facing Shust was open and obvious, and should have been observed in the exercise of ordinary care.  Shust attempts to distinguish *Hatcher* because Shust walked through melting snow and slush rather than rain, and because he had never been to this particular Wal-Mart before.  The distinction between slush and rain is immaterial; based on the undisputed facts, it is clear that Shust knew or should have known that the floor was potentially wet or could become slippery from his wet shoes.  These are hazards universally known by persons coming into a store from a parking lot wet with snow and slush.  It is also immaterial that Shust had not been to this particular Wal-Mart before.  The potential hazard posed when someone walks from a slushy parking lot into a building is universally known, and Shust provides no explanation for why this Wal-Mart location is different from any other.

For the reasons set forth above, this court concludes Wal-Mart had no duty to warn of the conditions or otherwise protect Shust from falling.

WHEREFORE, the Motion for Summary Judgment (Dkt. #17) is granted.

DATED this 8th day of November, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma